UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT SANTIAGO, on behalf of himself and others similarly situated,

    Plaintiff,

v.　　　　　　　　　　　　　　　　Case No: 2:14-cv-233-FtM-29DNF

GOLD2CASH, INC., a Florida profit corporation, GOLDEN OPERATIONS, INC., a Florida profit corporation, STEVEN SHAFFER, individually, ROBERT LOVETT, individually, and EUGENE OMAR, individually,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendants' Motions to Dismiss (Docs. ##33-37) filed on September 24, 2014. Plaintiff filed a Response (Doc. #40) on October 8, 2014. For the reasons set forth below, Defendant Golden Operations, Inc.'s motion is granted and the remaining motions are denied as moot.

**I.**

Plaintiff Robert Santiago (Plaintiff or Santiago), on behalf of himself and other similarly situated individuals, has filed a one-count Complaint (Doc. #1) against Defendants Gold2Cash, Inc. (Gold2Cash), Golden Operations, Inc. (Golden Operations), Steven Shaffer (Shaffer), Robert Lovett (Lovett), and Eugene Omar (Omar)

for recovery of overtime compensation pursuant to the Fair Labor Standards Act (FLSA). Santiago alleges that Shaffer, Lovett, and Omar managed, operated, and controlled the finances of Gold2Cash and Golden Operations, which employed Santiago as an "Associate" from August 2011 to July 2014. According to Santiago, he was paid an hourly rate, was not exempt from overtime, and was not paid the FLSA-mandated one and one-half times his normal hourly rate for all hours worked above forty per week.

Defendants now move to dismiss the Complaint. Golden Operations argues that the Complaint must be dismissed because it was not engage in interstate commerce at the time it employed Santiago and, therefore, it was not subject to the FLSA. The remaining Defendants argue that the Complaint must be dismissed because Santiago has not adequately alleged the existence of an employment relationship. Santiago responds that his FLSA claim is adequately pled.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations

2

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

Here, Santiago has not adequately alleged that Defendants were engaged in interstate commerce. While the Complaint does allege that Defendants were "an enterprise engaged in the production of goods for commerce," and that Defendants had employees "handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce" (Doc. #1, ¶¶ 16-19), the Complaint does not provide any factual support for these allegations. The Complaint does not allege the nature of Defendants' business, how that business engaged in interstate commerce, or how Santiago and Defendants' other employees engaged in interstate commerce. Accordingly, the Complaint amounts to no more than a "threadbare recital of the elements" rejected by the Supreme Court in Iqbal. Therefore, the Complaint is dismissed for

4

failure to state a claim upon which relief can be granted.[1] Accordingly, it is now

**ORDERED:**

1. Defendant Golden Operations, Inc.'s Motion to Dismiss (Doc. #33) is **GRANTED** and the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2. Defendants Gold2Cash, Inc., Steven Shaffer, Robert Lovett, and Eugene Omar's Motions to Dismiss (Docs. ##34-37) are **DENIED as MOOT**.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of November, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

---

[1] Having found that Santiago has not adequately alleged that Defendants were engaged in interstate commerce, the Court need not address the individual Defendants' arguments that Santiago has not adequately alleged an employment relationship with each Defendant.

5