UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT SANTIAGO, on behalf of himself
and others similarly situated

    Plaintiff,

v.                                             Case No:   2:14-cv-233-FtM-29DNF

GOLD2CASH, INC., GOLDEN
OPERATIONS, INC., STEVEN SHAFFER,
ROBERT LOVETT and EUGENE OMAR,

    Defendants.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on the parties' Joint Stipulation of Dismissal With Prejudice (Doc. 45) filed on December 5, 2014, and the Settlement Agreement and FLSA Release (Doc. 45-1). The Plaintiff, Robert Santiago and the Defendants, Gold2cash, Inc., Golden Operations, Inc., Steven Shaffer, Robert Lovett, and Eugene Omar are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

    To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216.   There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-3.   The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.   The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*.   When the employees file suit, the proposed settlement

must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff worked for the Defendants and claims that he did not receive full compensation for the hours worked. The Defendants assert that there is a *bona fide* dispute as to whether the Plaintiff was fully compensated. The Plaintiff initially requested $2,754.75 in unpaid overtime wages. The parties negotiated a settlement, and the total amount of the settlement is $7,500.00. The Plaintiff will receive $3,254.75 in back wages and liquidated damages. The Court determines that the settlement reached is fair and reasonable as to back wages and liquidated damages.

The Defendants agree to pay $3,845.25 for attorney's fees and $400.00 in costs. The Plaintiff agreed to reimburse the Court for the $400.00 filing fee pursuant to the Order (Doc. 6). The amount of attorney's fees was negotiated separately from the Plaintiff's recovery and did not affect the amount of Plaintiff's recovery. Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest

between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. In the instant case, the settlement was reached, and the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. The filing fee is $400, and therefore, the amount of costs appears reasonable as well. The Settlement Agreement and FLSA Release (Doc. 45-1) appear reasonable on their face.[1]

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Stipulation of Dismissal With Prejudice (Doc. 45) be **GRANTED** and the Settlement Agreement and FLSA Release (Doc. 45-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

---

[1] On page 2 of the Settlement Agreement and FLSA Release (Doc. 45-1), the parties include the following "they agree to request that the District Court retain Jurisdiction to enforce the terms of this Settlement Agreement, should such enforcement be necessary." (Doc. 45-1, p. 2). The Joint Stipulation of Dismissal With Prejudice (Doc. 45) does not include a request to retain jurisdiction, and without sufficient reasons to retain jurisdiction, the Court declines to recommend that the District Court retain jurisdiction over the settlement.

2) Upon receipt of the settlement proceeds, the Court recommends that counsel for the Plaintiff reimburse the Court for the filing fee of $400.00.

3) The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 10, 2014.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties